IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| JOSEPH RAY THOMPSON, SR. ) | |
| ) | Case No. 15-31822-KRH |
| Debtor. ) | |
| ----------------------------------------------- | |
| VANDERBILT MORTGAGE AND ) | |
| FINANCE, INC. ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSEPH RAY THOMPSON, SR. ) | |
| and ) | |
| CARL M. BATES, TRUSTEE ) | |
| ) | |
| Respondents. ) | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter was before the court on the motion of movant for relief from the automatic stay with respect to a 2013 Schult Mobile Home, Manufacturer's Serial No. RIC245729NC and real property known as 16706 Jolly Road, Disputanta, Virginia 23842, more particularly described as follows:

> All that certain lot, piece, or parcel of land, with improvements thereon and appurtenances thereto belonging, lying, and being in the Templeton District, Prince George County, Virginia, containing 5.00 acres +/-, as shown and designated as T.P. #600(13)00-003-0 on that certain plat made by Ronald H. Gordon & Associates, LLC, dated July 10, 2012 and revised August 26, 2012, entitled "New Boundary Line Adjustments in Whisper Woods Subdivision Section 2 being 3 lots totaling 78.64 ac. +/- on the West side of Rte. 659, in Templeton District, Prince George County, Virginia", a copy of which is recorded in the Clerk's Office, Circuit Court of Prince George County, Virginia, in Plat Book 25, Pages 36 and 37.

*{#1879002-1, 107217-01047-01}*

Upon consideration of which, it is

ORDERED:

1. The debtor will resume making regular monthly installment payments in the amount of $2,089.88 as they become due commencing on November 1, 2015. Late payments will include applicable late charges in the amount of 5% of the unpaid amount of such payment, not to exceed $5.00.

2. The debtor will cure the post-petition arrearage currently due to the movant through October 2015 in the total amount of $10,125.23, which includes late charges, deferred late charges, filing fees and attorney's fees, by the following:

    (a) making a payment of $3,000.00 to the Movant not later than October 9, 2015; and

    (b) filing an Amended Plan within 30 days of entry of this Order, which will provide for payment of the post-petition arrearage of $7,125.23 to be paid as a post-petition claim pro-rata with the Debtors' attorney fees, and Movant shall file a Proof of Claim within 30 days of entry of this Order for the post-petition arrearage amount of $7,125.23.

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    (a) That the debtor is in default in making at least one payment required under this order;
    (b) The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

    (c)    The action necessary to cure the default, including any address to which payments must be mailed;

    (d)    That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        (i)    cure the default;
        (ii)    file an objection with the court stating that no default exists; or
        (iii)    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    (e)    That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    (f)    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.     The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.     Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.     The automatic stay is modified to permit the noteholder or servicing agent to send the

3

*{#1879002-1, 107217-01047-01}*

debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees in the amount of $175.00 for issuance of a notice of default, issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia

Dated: Oct 20 2015

/s/ Kevin R. Huennekens
The Honorable Kevin R. Huennekens
United States Bankruptcy Judge

Entered on Docket: Oct 21 2015

*I ask for this:*

/s/ Richard C. Maxwell
Richard C. Maxwell, Esq. (VSB #23554)
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Telephone: 540-983-7600
Facsimile: 540-983-7711
Email: rmaxwell@woodsrogers.com
  *Counsel for Movant*

*Seen and agreed:*

/s/  Richard J. Oulton   *by Richard Maxwell, with authority*
Richard J. Oulton, Esq.
America Law Group, Inc.
2312 Boulevard
Colonial Heights, VA 23834
   *Counsel for Debtor(s)*


*Seen:*

/s/  Carl M. Bates   *by Richard Maxwell, with authority*
Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218
   *Trustee*


*Copy to:*

Richard C. Maxwell, Esq.
Woods Rogers PLC
P.O. Box 14125
Roanoke, VA 24038-4125

Joseph R. Thompson, Sr.
16706 Jolly Road
Disputanta, VA 23842

Richard J. Oulton, Esq.
America Law Group, Inc.
2312 Boulevard
Colonial Heights, VA 23834

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218

## CERTIFICATE OF ENDORSEMENT

Pursuant to Local Rule 9022-1(C)(1), the undersigned hereby certifies that the foregoing Order has been endorsed by all necessary parties.

/s/  Richard C. Maxwell
Attorney for Movant

## CERTIFICATION

The undersigned certifies that the foregoing Order Granting Relief from Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made, with the exception of the addition of the Certificate of Endorsement pursuant to Local Rule 9022-1.

/s/  Richard C. Maxwell
Attorney for Movant

United States Bankruptcy Court
Eastern District of Virginia

In re:                                                          Case No. 15-31822-KRH
Joseph Ray Thompson, Sr.                                        Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0422-7      User: manleyc         Page 1 of 1            Date Rcvd: Oct 21, 2015
                          Form ID: pdford1      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 23, 2015.
db          +Joseph Ray Thompson, Sr.,   16706 Jolly Road,   Disputanta, VA 23842-7149

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 23, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 21, 2015 at the address(es) listed below:
              Carl M. Bates    station01@richchap13.com,
               station10@richchap13.com;station03@richchap13.com;station07@richchap13.com;station06@richchap13.c
               om
              Richard C. Maxwell    on behalf of Creditor    Vanderbilt Mortgage and Finance, Inc.
               rmaxwell@woodsrogers.com,   hstewart@woodsrogers.com
              Richard James Oulton    on behalf of Debtor Joseph Ray Thompson, Sr.
               southsidedebtlawgroup@gmail.com,
               thedebtlawgroupmail@gmail.com;DLGHearings@gmail.com;chadesimmons.legal@gmail.com;debtlaw1@gmail.c
               om;bkstevens1534@gmail.com
                                                                                             TOTAL: 3